UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __2-21-20__

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JON L. ARONSON and
ELLIET N. ARONSON,

Defendants.

Case No. 1:20-cv-013123-JGK

## **FINAL JUDGMENT AS TO DEFENDANT JON L. ARONSON**

The Securities and Exchange Commission having filed a Complaint and Defendant Jon

L. Aronson having entered a general appearance; consented to the Court's jurisdiction over

Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction and

except as otherwise provided herein in paragraph II); waived findings of fact and conclusions of

law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

        necessary in order to make the statements made, in the light of the circumstances

        under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

        operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for a civil penalty in the amount of $20,310.72 pursuant to Exchange Act Section 21A [15

U.S.C. § 78u-1]. Defendant shall satisfy this obligation by paying $20,310.72 to the Securities

and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

        Enterprise Services Center
        Accounts Receivable Branch

2

6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Jon L. Aronson as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action. By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant

to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 30 days following entry of this Final Judgment. Defendant shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

3

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  _2/20/20_

THE HON. JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JON L. ARONSON and
ELLIET N. ARONSON,

Defendants.

Case No. 1 10 - 0 - c1513 - JGK

## CONSENT OF DEFENDANT JON L. ARONSON

1.      Defendant Jon L. Aronson ("Defendant") waives service of a summons and the
complaint in this action, enters a general appearance, and admits the Court's jurisdiction over
Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided
herein in paragraph 11 and except as to personal and subject matter jurisdiction, which
Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form
attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other
things:

> (a)     permanently restrains and enjoins Defendant from violation of Section
> 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)]
> ("Exchange Act") and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and
>
> (b)     orders Defendant to pay a civil penalty in the amount of $20,310.72 under
> Exchange Act Section 21A [15 U.S.C. § 78u-1].

1

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final

2

Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.      Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the

3

allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

4

seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: December 23, 2019

Jon L. Aronson

On December 23, 2019, Jon Aronson, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires: 9/5/2025

Approved as to form:

Robert G. Heim, Esq.
Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
(212) 216-1131
Attorney for Defendant

ANTHONY ROBERT HICKS
Notary Public, Commonwealth of Massachusetts
My Commission Expires: September 05, 2025

5